UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNIUS ROYAL, JR. | CIVIL ACTION |
| Versus | NO.: 12-00081 |
| EXXON MOBIL CORP., ET AL. | SECTION: "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss. For the reasons that follow, the motion is GRANTED.

**I. Background**

Junius Royal sued several oil companies for damages in Louisiana state court on December 9, 2011, in connection with oil pipe cleaning services that the plaintiff performed. Plaintiff asserts that the oil pipes he cleaned contained "hazardous toxins and carcinogenic radioactive materials commonly referred to as 'naturally occurring radioactive material, or NORMS.'" Although plaintiff does not state exactly when he cleaned the defendants' pipes, he cites 1974 through 1982 as the years he worked at Bredero Price, the contract employer on the job. Plaintiff claims that the defendants knew about the radioactive material in the pipes, but failed to notify his employer, or plaintiff himself. He contends that because he did not know of the presence of radioactive material in the pipes he was cleaning, he became exposed to dangerously high levels of radiation during his

1

work, and he now has a higher than average chance of developing cancer. Plaintiff brought claims of negligence and intentional concealment under Louisiana law against the defendants, and defendants removed the case to this Court. Plaintiff seeks general damages for increased risk of cancer, general damages for fear of cancer, and special damages for medical monitoring for the early detection of cancer. He does not claim he presently has cancer. Plaintiff also seeks a host of other general and special damages related to the treatment of cancer, or other diseases, if and when they present themselves.

On January 18, 2012, the defendants jointly moved to dismiss plaintiff's medical monitoring claim for failure to state a claim on which relief could be granted.

## II. Analysis

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory

2

allegations in the complaint as true. <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982).

Under Louisiana law, the plaintiff must either meet the requirements of Louisiana Civil Code Article 2315(B), or satisfy the seven factor test under <u>Bourgeois v. A.P. Green Indus.</u>, 716 So. 2d 355 (La. 1998) (<u>Bourgeois I</u>).[1] Which hurdle he must clear depends on when his cause of action accrued, an issue that neither side develops. But whether one looks to Article 2315(B) or <u>Bourgeois I</u>, plaintiff's petition for damages contains insufficient facts to show that his claim for medical monitoring

---

[1] Article 2315(B) provides:
> [d]amages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services or procedures are directly related to a manifest physical injury or mental injury or disease.

To satisfy the <u>Bourgeois I</u> test, a plaintiff must show: (1) Significant exposure to a proven hazardous substance, (2) As a proximate result of this exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease, (3) Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he or she not been exposed and (b) the chances of members of the public at large of developing the disease, (4) A monitoring procedure exists that makes the early detection of the disease possible, (5) The monitoring procedure has been prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles, (6) The prescribed monitoring regime is different from that normally recommended in the absence of exposure, (7) There is some demonstrated clinical value in the early detection and diagnosis of the disease. <u>Bourgeois v. A.P. Green Indus.</u>, 716 So. 2d 355, 360-61 (La. 1998).

is plausible under either Article 2315(B) or <u>Bourgeois I</u>. Plaintiff fails to allege or urge that he has a "manifest physical injury or mental injury or disease." The fact that he may have been exposed to radiation is not, in and of itself, sufficient. Further, the plaintiff fails to plead facts which bear directly on the <u>Bourgeois I</u> factors. True, plaintiff's general allegations might reflect the <u>Bourgeois I</u> factors, but plaintiff makes no mention of what type of monitoring he is looking for, who prescribed him the monitoring, or what the efficacy of the monitoring might be.

Accordingly, IT IS ORDERED: the defendants' motion to dismiss is GRANTED, and plaintiff's medical monitoring claim is dismissed without prejudice. Plaintiff shall have 14 days from this date within which to amend consistent with this Order and Reasons or face dismissal with prejudice.

New Orleans, Louisiana, February 6, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE